RAMOS, PLAINTIFF AND APPELLEE, *v.* HEIRS OF NADAL, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 2196.—Decided June 16, 1921.

DAMAGES—NEGLIGENCE—EVIDENCE.—In an action for damages for an automobile accident it is sufficient proof of the negligence of the chauffeur to show that at the time of the accident the chauffeur was not driving along the right-hand side of the road, but along the middle of the road, or rather to the left, as well as that he did not reduce the speed of the automobile upon approaching the ox-cart driven by the plaintiff in order to avoid frightening the animals.

AUTOMOBILE—PRESUMPTION OF OWNERSHIP.—A person who registers as his own an automobile in the Department of the Interior for the purpose of obtaining

the corresponding license is presumed to be the owner of the vehicle so registered and that presumption is not destroyed by presenting an administration account of the properties of a third person rendered by the person who registered the automobile as his own and containing items regarding the exchange of an automobile for another of the same make as the one registered in the Department of the Interior.

The facts are stated in the opinion.

Messrs. *Francis & De la Haba* and *A. Nazario Lugo* for the appellants.

Messrs. *Feliu & Alemañy* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

José Ramos brought an action against the Succession of Salvador Nadal, composed of his daughter Carmen María Nadal Carrión and his widow Cristina Carrión, to recover a certain sum of money for damages caused him by the automobile of Salvador Nadal while he was riding in it on February 11, 1919. The defendants answered with a general denial of the facts alleged in the complaint and as new matter set up contributory negligence on the part of the plaintiff. Judgment was entered against the defendants and they appealed, alleging errors on the part of the trial court as follows:

First: Because the District Court of Mayagüez erred in finding negligence on the part of the chauffeur of the automobile.

Second: Because the District Court of Mayagüez erred in not finding contributory negligence on the part of the plaintiff.

Third: Because the District Court of Mayagüez erred in not applying the rule of the last clear chance.

Fourth: Because the District Court of Mayagüez erred in holding that Carmen María Nadal and Cristina Carrión were liable for the accident.

The parties made a stipulation at the trial wherein the defendants admitted that the automobile referred to in the complaint was registered on February 11, 1919, in the De·

partment of the Interior in the name of Salvador Nadal and that the taxes thereon were paid in his name, and also that Nadal died on May 26, 1919, the defendants being his heirs and having accepted the inheritance.

The first three assignments may be considered together because they lead to a determination of whether Nadal's chauffeur was negligent; whether there was contributory negligence on the part of the plaintiff, and whether the plaintiff had the last opportunity of avoiding the danger and did not do so.

All of the evidence for the plaintiff is to the effect that while José Ramos was going on foot in front of his ox-cart from Mayagüez to San Germán on the right side of the road the automobile of Salvador Nadal, in which he was riding, came from the opposite direction in the middle of the road and at great speed; that as one of the oxen pulled to one side, in order to prevent the cart from going into the ditch the plaintiff seized the ox by the horns and at that moment the automobile struck the plaintiff and threw him against his cart, one of the wheels passing over his foot, whereupon he fell and the same wheel passed over his body, and that the automobile did not stop, but went on at full speed.

The evidence for the defendants tended to show that the plaintiff was on the left side of the road; that he was mounted on his cart, and that after the automobile passed he tried to get down on the opposite side, supporting himself with the goad-stick, but fell and the cart passed over him.

As will be seen, there is a conflict in the evidence which the court adjusted by not believing the witnesses for the defendants; therefore we must consider the testimony of the witnesses for the plaintiff as true and it appears therefrom that the chauffeur of the defendant was negligent in accordance with subdivisions *d* and *c* of section 12 of Act No. 75 of April 13, 1916, to regulate the operation of motor vehicles in Porto Rico, because he was not driving on the right

side of the road, but in the middle of the road, or rather
to the left, as one witness said, and because in approaching
the ox-cart of the plaintiff he took no precautions to avoid
frightening the animals by reducing the speed of the auto-
mobile.

The evidence also shows that there was no contributory
negligence on the part of the plaintiff and that he could not
avoid the accident.

As to the last ground to the effect that the court erro-
neously held that the defendants were liable for the acci-
dent, we are of the opinion that it was not error, for if the
court had considered the evidence presented by the defend-
ants to show that although on the day of the accident the
automobile was registered in the Department of the Interior
as the property of Salvador Nadal, yet it belonged to Dolores
Nadal, widow of Gálvez, that evidence was not sufficient to
destroy the *prima facie* presumption of ownership as shown
by the declaration made in the Department of the Interior.
In fact it appears therefrom that Salvador Nadal, as one
of the attorneys in fact of Dolores Nadal Gálvez charged
with the arrangement of her property destroyed by the earth-
quake of a few years before, delivered some months before
his death to the other attorney in fact, Pagán, an account
of the management of the properties of Mrs. Gálvez from
September 18, 1918, to April 30, 1919, or up to a date later
than February 11, 1919, when the accident occurred to the
plaintiff.   In that account there are two entries of sums for
the exchange of a Ford automobile for a Dodge automobile.
Attorney in fact Pagán knew nothing about the said auto-
mobile until from the account delivered to him by Nadal he
learned that its cost had been charged to the widow Gálvez,
and for that reason he took charge of it after Nadal's death,
and the witness who exchanged the Dodge for the Ford
automobile, receiving some money besides, knew that it was

for the widow of Gálvez only because Nadal himself told him so.

For the foregoing reasons the judgment appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.